UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Wisconsin Resources Protection
Council, Center for Biological
Diversity, and Laura Gauger,

        Plaintiffs,

  v.

Flambeau Mining Company

        Defendant.

Case No: 11-cv-45

## DEFENDANT FLAMBEAU MINING COMPANY'S
## ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, Flambeau Mining Company ("Flambeau"), by its attorneys, DeWitt Ross & Stevens, S.C., as and for an Answer to the Complaint, alleges and shows as follows:

### ANSWER

1.    Flambeau lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore denies the same; in any case Flambeau denies any violation of the Clean Water Act implied or asserted by Plaintiffs.

2.    Flambeau denies the allegations of paragraph 2.

3.    Flambeau denies the allegations of paragraph 3.

4. Flambeau lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4, and therefore denies the same; further denies that Plaintiffs are due any remedy of relief.

## JURISDICTION OF VENUE

5. Paragraph 5 states a legal conclusion and requires no answer. To the extent an answer may be necessary, Flambeau denies the allegations in paragraph 5.

6. Paragraph 6 states a legal conclusion and requires no answer. To the extent an answer may be necessary, Flambeau denies the allegations in paragraph 6.

7. Paragraph 7 states a legal conclusion and requires no answer. To the extent an answer may be necessary, Flambeau denies the allegations in paragraph 7.

8. Flambeau lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8, and therefore denies the same; except admits that Flambeau received a notice dated on or about November 16, 2010 (a copy of which is attached as Exhibit 1 to Plaintiffs' Complaint).

9. Flambeau lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9, as to Plaintiffs' knowledge and therefore denies the same; admits that neither the USEPA nor the State of Wisconsin is prosecuting any action against Flambeau for any violations

because Flambeau has not violated the law or its permits; further denies any violation, express or implied, asserted by Plaintiffs in the Complaint.

## PARTIES

10. Flambeau lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10, and therefore denies the same; affirmatively alleges this Plaintiff lacks standing to sue.

11. Flambeau lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11, and therefore denies the same; affirmatively alleges this Plaintiff lacks standing to sue.

12. Flambeau lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12, and therefore denies the same.

13. Flambeau lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13, and therefore denies the same; affirmatively alleges this Plaintiff lacks standing to sue.

14. Flambeau lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14, and therefore denies the same.

15. Flambeau denies the allegations of paragraph 15 except admits that it owns property located at N4100 Hwy. 27, Ladysmith, Wisconsin 54848.

## LEGAL BACKGROUND

16. Paragraph 16 states a legal conclusion and requires no answer. To the extent an answer may be necessary, Flambeau denies the allegations in paragraph 16.

17. Paragraph 17 states a legal conclusion and requires no answer. To the extent an answer may be necessary, Flambeau denies the allegations in paragraph 17.

18. Paragraph 18 states a legal conclusion and requires no answer. To the extent an answer may be necessary, Flambeau denies the allegations in paragraph 18.

19. Paragraph 19 states a legal conclusion and requires no answer. To the extent an answer may be necessary, Flambeau denies the allegations in paragraph 19.

20. Flambeau admits the allegations of paragraph 20.

21. Paragraph 21 states a legal conclusion and requires no answer. To the extent an answer may be necessary, Flambeau denies the allegations in paragraph 21.

22. Paragraph 22 states a legal conclusion and requires no answer. To the extent an answer may be necessary, Flambeau denies the allegations in paragraph 22.

23. Paragraph 23 states a legal conclusion and requires no answer. To the extent an answer may be necessary, Flambeau denies the allegations in paragraph 23.

## FACTUAL BACKGROUND

24. Flambeau denies the allegations contained in paragraph 24 except admits that it owns property near Ladysmith, Wisconsin.

25. Flambeau denies the allegations in paragraph 25 but admits that property it owns included an approximate 0.9 acre "Surge Pond".

26. Flambeau denies the allegations of paragraph 26 except admits following the cessation of mining activities Flambeau created an approximate 32-acre industrial park known as the "Industrial Outlot" at the request of the local communities.

27. Flambeau denies the allegations of paragraph 27.

28. Paragraph 28 states a legal conclusion and requires no answer. To the extent an answer may be necessary, Flambeau denies the allegations in paragraph 28.

29. Paragraph 29 states a legal conclusion and requires no answer. To the extent an answer may be necessary, Flambeau denies the allegations in paragraph 29.

30. Flambeau denies the allegations of paragraph 30.

31. Flambeau admits the allegations of paragraph 31.

32. Flambeau admits the allegations of paragraph 32.

33. Flambeau admits the allegations of paragraph 33.

34. Flambeau admits the allegations of paragraph 34.

35. Flambeau denies the allegations of paragraph 35.

36. Flambeau denies the allegation of paragraph 36.

37. Flambeau denies the allegations of paragraph 37; admits that between November 1999 and September 27, 2010 at least 28 water samples were collected by either Flambeau or WDNR and were analyzed for copper.

38. Flambeau denies the allegations of paragraph 38.

39. Flambeau denies the allegations of paragraph 39; admits that between November 1999 and September 17, 2010 at least 28 water samples were collected by either Flambeau or WDNR and were analyzed for zinc.

40. Flambeau denies the allegations of paragraph 40.

## The Receiving Waters

41. Flambeau denies the allegation of paragraph 41.

42. Flambeau denies that stream C is a water of the United States but admits that the Wisconsin Department of Natural Resources has asserted it as a navigable water; affirmatively alleges that Stream C is not a navigable water.

43. Flambeau lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 43, and therefore denies the same.

44. Flambeau admits the allegations of paragraph 44.

## PLAINTIFFS' CLAIM FOR RELIEF

45. Flambeau realleges and incorporates by reference its answers to paragraphs 1 through 44.

46. Flambeau denies the allegation of paragraph 46.

47. Flambeau denies the allegation of paragraph 47.

48. Flambeau denies the allegation of paragraph 48

49. Flambeau denies the allegation of paragraph 49.

50. Flambeau denies the allegation of paragraph 50.

51. Flambeau denies the allegation of paragraph 51.

52. Any allegation not expressly admitted herein is denied.

## AFFIRMATIVE DEFENSES

1. Flambeau is covered by a validly issued permit and is operating in compliance with state and federal law and is further entitled to all protections of the Permit Shield provisions of the Clean Water Act.

2. The Complaint fails to state a claim upon which relief may be granted.

3. Plaintiffs lack standing to bring this Complaint.

4. The Complaint is barred by the applicable statute of limitations.

5. The Complaint is barred by laches.

6. Plaintiffs have failed to exhaust their administrative remedies.

7. Plaintiffs are estopped and barred from bringing this action by the doctrines of res judicata and collateral estoppels due to, among other things, their

participation in the proceedings on, and settlement of, a Mining Permit Modification issued by the Wisconsin Department of Natural Resources dated July 30, 1998.

8. Plaintiffs have waived any right they may have to bring this action.

## RELIEF REQUESTED

Flambeau, respectfully requests the Court:

1. To dismiss Plaintiffs' Complaint with prejudice;

2. To award it its costs, including disbursements and reasonable attorneys fees; and

3. To award such other relief that is just and equitable in the premises.

Dated this 9th day of February, 2011.

                              Respectfully submitted,

                              **DEWITT ROSS & STEVENS** S.C.

                              By: /s/ Harry E. Van Camp
                                 Harry E. Van Camp (Wis. Bar No. 1018568)
                                 Henry J. Handzel (Wis. Bar No. 1014587)
                                 Timm P. Speerschneider (Wis. Bar No. 1012525)
                                 Two East Mifflin Street, Suite 600
                                 Madison, WI 53703-2865
                                 608-255-8891

                              **ATTORNEYS FOR DEFENDANT,**
                                  **FLAMBEAU MINING COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2011, the undersigned caused a true and correct copy of Defendant Flambeau Mining Company's Answer to Plaintiffs' Complaint, appearing above, to be served via the United States District Court for the Western District of Wisconsin's CM/ECF system, on the following individual:

**James Neville Saul**
James N. Saul, Attorney at Law LLC
2422 Commonwealth Ave.
Madison, WI 53711
608-628-2420
Fax: 608-234-5964
Email: jamie@jsaulattorney.com

/s/ Harry E. Van Camp
Harry E. Van Camp