IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Wisconsin Resources Protection
 Council, Center for Biological
 Diversity, and Laura Gauger,

        Plaintiffs,

        v.                                  Case No. 11-cv-45

Flambeau Mining Company,

        Defendant.

## DECLARATION OF JAMES SAUL

James N. Saul declares as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I make these statements on personal knowledge.

2. I am one of the attorneys for Plaintiffs in the above-captioned civil action.

3. On November 16, 2010, on behalf of the Plaintiffs, I sent a letter to Defendant notifying it Plaintiffs' intent to file this action, as required by 33 U.S.C. § 1365(b) and 40 C.F.R. § 135.3. I also sent a copy of that Notice Letter via certified U.S. Mail to the Administrator of the United States Environmental Protection Agency ("USEPA"); the Regional Administrator for USEPA Region 5; and the Secretary of the Wisconsin Department of Natural Resources ("WDNR"). A copy of this Notice Letter has been filed in this case as Doc. #3.

4. Attached hereto as **Exhibit A** is a true and correct copy of a formal Certification, made by Matt Moroney, Deputy Secretary of the Wisconsin Department of Natural Resources ("WDNR") pursuant to Wis. Stat. § 889.09, that "a diligent search" was made of the WDNR's records and that certain documents requested by Plaintiffs under the Wisconsin Open Records Law do not exist in the files of the WDNR.

5. Attached hereto as **Exhibit B** is a true and correct copy of Defendant's Responses to Plaintiffs' Requests for Admission in this case.

6. Attached hereto as **Exhibit C** is a document produced by Defendant in response to Plaintiffs' Requests for Production in this case, Bates numbered FMC000691-725.

7. Attached hereto as **Exhibit D** is a document produced by Defendant in response to Plaintiffs' Requests for Production in this case, Bates numbered FMC016401-03.

8. Attached hereto as **Exhibit E** is a document produced by Defendant in response to Plaintiffs' Requests for Production in this case, Bates numbered FMC002745-762.

9. Attached hereto as **Exhibit F** is a document produced by Defendant in Response to Plaintiffs' Requests for Production in this case, Bates numbered FMC002506-511.

10. Attached hereto as **Exhibit G** is a document obtained by Plaintiffs from WDNR biologist Craig Roesler through a Public Records Request, Bates numbered

WRPC006006-07.  The document shows the results of a laboratory analysis of two Biofilter sediment samples collected by WDNR on December 22, 2010.

11. Attached hereto as **Exhibit H** is a document produced by Defendant in Response to Plaintiffs' Requests for Production in this case, Bates numbered FMC015811--14.

12. Attached hereto as **Exhibit I** is a figure prepared by Defendant's expert Stephen Donohue of Foth Infrastructure & Environment, LLC, which was included as Figure 8 of his Expert Report served upon Plaintiffs in this case on November 7, 2011.

13. Attached hereto as **Exhibit J** is a true and correct copy of a memorandum obtained by Plaintiffs from the WDNR through a Public Records Request, Bates numbered WRPC011617.  The original is contained in the official records of the WDNR.

14. Attached hereto as **Exhibit K** is a true and correct copy of relevant portions of Deposition Exhibit 2.

15. Attached hereto as **Exhibit L** is a true and correct copy of relevant portions of Deposition Exhibit 3.

16. Attached hereto as **Exhibit M** is a true and correct copy of relevant portions of Deposition Exhibit 4.

17. Attached hereto as **Exhibit N** is a true and correct copy of relevant portions of Deposition Exhibit 5.

18. Attached hereto as **Exhibit O** is a true and correct copy of relevant portions of Deposition Exhibit 10.

19. Attached hereto as **Exhibit P** is a true and correct copy of relevant portions of Deposition Exhibit 12.

20. Attached hereto as **Exhibit Q** is a true and correct copy of relevant portions of Deposition Exhibit 13.

21. Attached hereto as **Exhibit R** is a true and correct copy of relevant portions of Deposition Exhibit 14.

22. Attached hereto as **Exhibit S** is a true and correct copy of relevant portions of Deposition Exhibit 15.

23. Attached hereto as **Exhibit T** is a true and correct copy of relevant portions of Deposition Exhibit 16.

24. Attached hereto as **Exhibit U** is a true and correct copy of relevant portions of Deposition Exhibit 17.

25. Attached hereto as **Exhibit V** is a true and correct copy of relevant portions of Deposition Exhibit 21.

26. Attached hereto as **Exhibit W** is a true and correct copy of relevant portions of Deposition Exhibit 23.

27. Attached hereto as **Exhibit X** is a true and correct copy of relevant portions of Deposition Exhibit 27.

28. Attached hereto as **Exhibit Y** is a true and correct copy of relevant portions of Deposition Exhibit 31.

29. Attached hereto as **Exhibit Z** is a true and correct copy of relevant portions of Deposition Exhibit 32.

30. Attached hereto as **Exhibit AA** is a true and correct copy of relevant portions of Deposition Exhibit 34.

31. Attached hereto as **Exhibit BB** is a true and correct copy of relevant portions of Deposition Exhibit 36.

32. Attached hereto as **Exhibit CC** is a true and correct copy of relevant portions of Deposition Exhibit 38.

33. Attached hereto as **Exhibit DD** is a true and correct copy of relevant portions of Deposition Exhibit 40.

34. Attached hereto as **Exhibit EE** is a true and correct copy of relevant portions of Deposition Exhibit 46.

35. Attached hereto as **Exhibit FF** is a true and correct copy of relevant portions of Deposition Exhibit 47.

36. Attached hereto as **Exhibit GG** is a true and correct copy of relevant portions of Deposition Exhibit 49.

37. Attached hereto as **Exhibit HH** is a true and correct copy of relevant portions of Deposition Exhibit 50.

38. Attached hereto as **Exhibit II** is a true and correct copy of relevant portions of Deposition Exhibit 51.

39. Attached hereto as **Exhibit JJ** is a true and correct copy of relevant portions of Deposition Exhibit 52.

40. Attached hereto as **Exhibit KK** is a true and correct copy of relevant portions of Deposition Exhibit 55.

41. Attached hereto as **Exhibit LL** is a true and correct copy of relevant portions of Deposition Exhibit 59.

42. Attached hereto as **Exhibit MM** is a true and correct copy of relevant portions of Deposition Exhibit 61.

43. True and correct copies of the transcripts of the Fed. R. Civ. P. 30(b)(6) deposition of the WDNR have been filed concurrently with this Declaration. The deposition of WDNR was taken in this case over three days, on July 27, 2011 (Craig P. Roesler testifying), July 29, 2011 (Lawrence J. Lynch testifying); and October 13, 2011 (Philip Fauble testifying). A separate deposition transcript was prepared and filed for each of the three WDNR witnesses.

44. A true and correct copy of the transcript of the Fed. R. Civ. P. 30(b)(6) deposition of Defendant Flambeau Mining Company, taken in this case on November 9, 2011 (Jana Murphy testifying) has been filed concurrently with this Declaration.

PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY THAT THE STATEMENTS IN THIS DECLARATION ARE TRUE AND CORRECT AND BASED UPON MY PERSONAL KNOWLEDGE.

Executed this 16th day of November, 2011.

/s/ James N. Saul