UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

WISCONSIN RESOURCES
PROTECTION COUNCIL, CENTER
FOR BIOLOGICAL DIVERSITY,
AND LAURA GAUGER,

        Plaintiffs,

    v.

FLAMBEAU MINING COMPANY,

        Defendant.

Case No. 11-cv-45

**DEFENDANT, FLAMBEAU MINING COMPANY'S, MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY**

    PLEASE TAKE NOTICE that Defendant, Flambeau Mining Company ("FMC"), by its attorneys, DeWitt Ross & Stevens S.C., moves the Court to dismiss the entire action for failure to join an indispensable party. In support of this Motion, FMC states as follows:

    1.    Plaintiffs' recent filings make clear that their citizen suit against FMC is really no citizen suit at all. Rather, it is an improper, back door attempt to invalidate Wisconsin's entire storm water regulatory scheme, which Plaintiffs now assert was promulgated in error.

    2.    Should the Court agree with Plaintiffs' position that Wisconsin's sole WPDES regulation—NR § 216—is invalid for Clean Water Act ("CWA") purposes, several thousand companies which were granted storm water permit coverage by the Wisconsin Department of Natural Resources ("WDNR") would be instantly operating without a valid permit.

1

3. Likewise, should the Court agree that the WDNR cannot rely on Wis. Stat. § 283.51 for WPDES purposes, the WDNR would instantly lose the ability to regulate storm water discharges at mines in the most efficient manner.

4. In light of Plaintiffs' arguments, the WDNR is an indispensable party in this citizen suit.

5. However, the WDNR cannot be joined in this lawsuit. Under the CWA, citizen suits may not be brought against state government entities to challenge the validity of a state permit program. Further, the WDNR was not named in the Notice of Intent (the mandatory precursor to this lawsuit) and it enjoys sovereign immunity.

6. Rather than use a CWA citizen suit against FMC to attack Wisconsin's regulatory scheme, Plaintiffs must pursue other avenues for relief.

7. The CWA gives concerned citizens a specific means to challenge a state NPDES program that is allegedly operating impermissibly. They may raise the issue with the United States Environmental Protection Agency ("USEPA"). If the USEPA does not act, a citizen may sue the administrator of the USEPA for inadequate oversight of a state program. 33 U.S.C. § 1369.

8. Alternatively, Plaintiffs could attempt to challenge Wisconsin's regulatory scheme through a state action brought under Wis. Stat. § 227.40.

9. For these reasons, the Court must dismiss the case and require Plaintiffs to bring their case in another manner, as they should have done initially.

10. This Motion is supported by the accompanying Defendant's Brief in Support of Motion to Dismiss for Failure to Join an Indispensable Party.

WHEREFORE, Defendant, FMC, respectfully requests that the Court enter an Order dismissing this matter for failure to join an indispensable party.

Respectfully submitted this 8th day of March, 2012.

                                  **DEWITT ROSS & STEVENS S.C.**

                                  By: */s/ Harry E. Van Camp*
                                     Harry E. Van Camp (#1018568)
                                     Henry J. Handzel, Jr. (#1014587)
                                     Timm P. Speerschneider (#1012525)
                                     Two East Mifflin Street, Suite 600
                                     Madison, WI 53703-2865
                                     608-255-8891
                                     **ATTORNEYS FOR DEFENDANT, FLAMBEAU MINING COMPANY**