IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

Wisconsin Resources Protection
 Council, Center for Biological
 Diversity, and Laura Gauger,

        Plaintiffs,

        v.                                    Case No. 11-cv-45

Flambeau Mining Company,

        Defendant.

---

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DEFENDANT'S
ENVIRONMENTAL AUDIT REPORT (DKT. #40-34)**

---

      Pursuant to Fed. R. Civ. P. 26(b)(5)(B) and paragraph 13 of the parties' Protective Order in this case (Dkt. #120-1), Plaintiffs, by their undersigned counsel, respectfully move the Court for an order compelling Defendant to produce a document it claims is subject to the attorney-client and/or attorney work product privileges. In support of their motion, Plaintiffs state as follows:

I.     **INTRODUCTION AND BACKGROUND**

      On the eve of trial, Defendant has belatedly sought to invoke the "clawback" provision of Fed. R. Civ. P. 26(b)(5)(B) in an attempt to prevent Plaintiffs from introducing at trial a document Plaintiffs have included on their exhibit list. The

1

document is not new to this case or even to the public docket, but rather emerged in November 2011, when it was produced to Plaintiffs, used in a deposition, and filed with Plaintiffs' summary judgment materials, all without objection from Defendant. It can be found in the docket of this case as Dkt. #40-34.

The document at issue is a 2005 Environmental Audit Report ("Audit Report") prepared by one or more employees or agents of Defendant's then-parent company, Kennecott Minerals Company, including Fred Fox and an attorney from an outside law firm, and with input from the Flambeau mine manager, Jana Murphy. (Dkt. #40-34 at FMC018165.) The document was not designated as privileged at the time it was created (though it does state "Confidential: For Internal Use Only") and was not marked confidential or privileged at the time it was produced by Defendant in this case. (*Id*. at FMC018162.) The Audit Report discusses stormwater discharges from the Biofilter into Stream C, copper and zinc contamination, and permitting issues, and clearly has probative value to the issues remaining for trial. (*E.g., id*. at FMC018174.)

The Audit Report was produced to Plaintiffs on November 4, 2011, in response to a request for production of documents. (5/14/12 Saul Decl. ¶ 3). It was subsequently introduced by Plaintiffs as Deposition Exhibit 50 at the November 9, 2011 deposition of Jana Murphy, an employee of Defendant Flambeau Mining Company, and was discussed with that witness without objection by Defendant's counsel. (*Id*. ¶ 4; Dkt. #48, Murphy Dep., 179:4 – 180:18).

The Audit Report was later filed as an exhibit with Plaintiffs' summary judgment filings, and again Defendant did not assert any privilege over it. (5/14/12 Saul Decl. ¶

2

5). The Report formed the basis for Plaintiffs' Proposed Finding of Fact No. 321, and Defendant replied to that proposed finding of fact as follows:

> **Proposed Finding No. 321:** As part of the Environmental Audit in 2005, FMC determined that the reclamation plan requirements were likely more favorable to the mine than what would be contained in a WPDES permit. (Dkt. #48 (FMC Dep.) 179:4-183:22 & Dkt. #40-34 (Dep. Ex. 50) at FMC018174).
>
> **Response to No. 321:** Dispute. FMC did not "determine" that the reclamation plan requirements are likely more favorable than a WPDES permit would be. FMC auditors simply speculated as to whether the reclamation plan requirements were more favorable. Ms. Murphy did not know whether the reclamation plan was more favorable or not. Moreover, this statement calls for a legal conclusion. As was raised by FMC's counsel at Ms. Murphy's deposition, to the extent the statement reveals attorney-client privilege, it is inadmissible. D.E. No. 48 (FMC Dep.) 187:25-188:9; D.E. No. 40-34 (Saul Dec. at p. 5, ¶ 37, Ex. HH at FMC018174).

Dkt. #109 (FMC's Rsp. PAFOF) at 33.

Although the Defendant's response to Fact No. 321 refers to attorney-client privilege, the very deposition transcript cited by Defendant in the response shows that the objection that was purportedly "raised by FMC's Counsel at Ms. Murphy's deposition" related to **testimony** sought from the witness, not to the **document** itself:

> Q: So does the Flambeau Mining Company have a position on whether the requirements in the reclamation plan are likely to be more favorable to the mine than what would be contained in a WPDES permit?
>
> MR. VAN CAMP: I'm going to direct this witness not to answer that question to the extent that it would require disclosure of attorney-client communications. And to the extent it doesn't, she may answer.

(Dkt. #48, Murphy Dep. 187:25-188:9).[1]

---

[1] Additionally, both the objection asserted by Defendant's counsel during Mr. Murphy's deposition and Defendant's response to the related proposed finding of fact were conditional – i.e., the

3

Defendant first informed counsel for Plaintiffs that it might seek to claw back and assert a privilege over the Audit Report at the parties' pre-trial conference on May 4, 2012, but at that time Defendant did not explain the basis for any purported privilege or invoke the "clawback" provision of Fed. R. Civ. P. 26(b)(5)(B)  (5/14/12 Saul Decl. ¶ 6.)  The Report was discussed again during a telephone conference between the parties' counsel on May 9, 2012, but again Defendant did not assert the basis for any privilege and made no formal invocation of Rule 26(b)(5)(B) or the parties' protective order. (5/14/12 Saul Decl. ¶ 7.)  By email to Defendant's counsel on May 9, 2012, Plaintiffs proposed to keep certain limited portions of the Report in the record or, alternatively, to stipulate to certain facts based upon the Report in an effort to avoid a dispute.  (5/14/12 Saul Decl. ¶ 8.)  Defendant did not respond to Plaintiffs' proposal.  *Id*.

Defendant finally identified and asserted its claim of privilege, by letter to Plaintiffs' counsel dated May 11, 2012, citing both the attorney-client and work product privileges.  (5/14/12 Saul Decl. ¶ 9.)  Defendant invoked Fed. R. Civ. P. 26(b)(5)(B) and sought to "claw back" the document.  (*Id*.)  Plaintiffs accordingly sequestered the Audit Report; however, because the document was long ago filed (without objection from Defendant) in the public docket for this case, Plaintiffs do not "present the information to the court under seal" as is specified in Rule 26(b)(5)(B), but rather refer the Court to the appropriate docket entry.

---

objections were preceded by vague "to the extent that" language, which is clearly insufficient to identify which information, if any, is actually claimed by Defendant to be privileged.

Although not mentioned in Defendant's letter of May 11, 2012, the parties have entered a Protective Order which provides that inadvertent disclosure "of information subject to a claim of attorney-client privilege or work product immunity shall not be deemed a waiver" of such privileges, but that a party opposing the assertion of privilege "may move the Court for an order compelling production of such information." (Dkt. #120-1at 6, ¶ 13).[2] Pursuant to that Protective Order and Rule 26(b)(5)(B), Plaintiffs seek an order from the Court finding that the Report is not protected by either the attorney-client or the attorney work product privileges, "compelling production" of the Report, and permitting Plaintiffs' to introduce the document into evidence at trial. Further, because Defendant has the burden of establishing that either privilege applies, and because Plaintiffs do not know the full legal or factual basis upon which Defendant asserts its privileges or the arguments Defendant will make in support of its assertion, Plaintiffs respectfully request the opportunity to file a brief in reply to Defendant's brief in opposition to this motion.

Plaintiffs have identified Jana Murphy as a witness they will call at trial. Defendant has identified Fred Fox as a witness it will call at trial on the matter of remedy. (Saul Decl. ¶10.) Furthermore, given the subject matter of the Audit Report, it is clearly probative to both liability, to the extent it discusses the fate and contents of the Biofilter flow, and remedy, to the extent it relates to good-faith efforts by Defendant (or

---

[2] The parties' proposed Protective Order was approved and entered by the Court on February 29, 2012, with a minor edit not at issue here. Dkt. #121.

lack thereof) to comply with the Clean Water Act, a factor for penalty assessment under 33 U.S.C. § 1319(d).

## II. ARGUMENT

### A. The Attorney-Client Privilege Does Not Apply to the Audit Report.

The Seventh Circuit follows the stringent multi-factor "Wigmore" test for assessing a claim of attorney-client privilege, stated as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). Because the privilege is in derogation of the truth, it must be applied narrowly. *United States v. White*, 970 F.2d 328, 334 (7th Cir. 1992). The party asserting the privilege bears the burden of proving that the privilege applies. *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991).

The mere involvement of an attorney in the creation of a document does not, by itself, indicate that the attorney-client privilege should apply. As this Court has noted, "[w]hen lawyers are consulted as business advisors the privilege does not apply." *Digene Corp. v. Third Wave Techs., Inc.*, Case No. 07-C-22-C, 2008 U.S. Dist. LEXIS 10816, *4-5 (W.D. Wis. Feb. 8, 2008) (citing *Burden Weeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003)).

Although the Audit Report indicates that an outside attorney was an "audit participant," (*see* Dkt. #40-34 at FMC018165), it does not necessarily follow that the report includes, requests, or conveys legal advice. Nothing in the Report itself purports

to be sought-after legal advice.  Moreover, it is not even apparent from the Report which portions were written by an attorney (if any) and which were written by employees of either Defendant or Kennecott Minerals Company.  As explained in the Report itself, such environmental audits "are regularly performed under the direction of the KMC Corporate Director HSE & Reclamation and the respective General (Site) Managers at all facilities operated by KMC and its subsidiaries."  (Dkt. #40-34 at FMC018163).  Other than listing the name of an attorney on one page of the Report, nothing indicates that any attorneys were involved in preparing or drafting the Report or that it was intended to request or convey legal advice.  Instead, the Report indicates that Fred Fox of Kennecott Minerals Company was the "Lead Auditor," and Plaintiffs understanding is that Mr. Fox is not an attorney but was KMC's Director of Health Safety & Environment and Reclamation in 2005.  *See* Dkt. #13 (FMC's Initial Disclosures) at 3.

In sum, nothing from the face of the Audit Report indicates that it is privileged, and Defendant provided no additional explanation in its recent "claw back" letter.  Certainly, nothing Defendant has provided shows the Wigmore factors have been satisfied here.  Without more, Defendant cannot justify its claim of privilege.  The Court should find that the attorney-client privilege does not apply to the Audit Report.

       B.      <u>The Work Product Privilege does not Apply to the Document</u>

The work product privilege provides limited protection against discovery of materials and information prepared "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3). As the Seventh Circuit has explained, "[T]he threshold determination in any

7

case involving an assertion of the work product privilege . . . is whether the materials sought to be protected from disclosure were in fact prepared in anticipation of litigation. The mere fact that litigation does eventually ensue does not, by itself, cloak materials prepared by an attorney with the protection of the work product privilege; the privilege is not that broad." *Binks Mfg. Co. v. National Presto Industries, Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983).

Moreover, a "remote prospect of future litigation" does not bring the privilege into play; rather, the court should determine "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because* of the prospect of litigation." *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 604 (7th Cir. 1977) (quoting 8 Wright & Miller, Federal Practice & Procedure, § 2024)) (emphasis added by the Seventh Circuit). As with the attorney-client privilege, the party seeking to assert the work product privilege has the burden of proving that "some articulable claim, likely to lead to litigation, has arisen." *Binks*, 709 F.2d at 1119 (quoting *Coastal States Gas Corp. v. Department of Energy*, 199 U.S. App. D.C. 272, 617 F.2d 854, 865 (D.C. Cir. 1980)).

The attorney work product privilege does not apply to the Audit Report because it clearly was not prepared in "anticipation of litigation." Rather, as stated in the Report itself, it was prepared in accordance with the "Kennecott Minerals Company (KMC) Corporate Health, Safety and Environment and Communities (HSE&C) Audit Program." (Dkt. #40-34 at FMC018163). According to the Report, such audits are "regularly performed" by KMC in accordance with established corporate protocols such

8

as "the Rio Tinto *Guidelines For HSE Auditing Within Group Companies*." *Id*. In fact, as the Report makes clear, it was but a routine update to the "Last Comprehensive Audit: Environment Review conducted June 23-26, 1997 before mining operations ceased in August 1997." *Id*. at FMC018164.

The Audit Report was clearly not prepared in "anticipation of litigation" and therefore the attorney work product privilege does not apply.

    C.    <u>Any Claim of Privilege has Been Waived by Defendant</u>

Even if a claim of attorney-client privilege is proper here, it has been waived for a number of reasons, including (1) that it has been revealed by the holder of the privilege (Kennecott Minerals Company) to a third party (Defendant Flambeau Mining Company); (2) Defendant failed to take prompt action to rectify its inadvertent disclosure; *see* Fed. R. Evid. 502(b)(3) (providing that inadvertent disclosure of privileged information does not waive the privilege so long as the holder of the privilege "*promptly* took reasonable steps to rectify the error, including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B).") (emphasis added); and (3) because the Audit Report has already been filed in the public docket with Plaintiffs' summary judgment motion over five months ago. *See, e.g., Harmony Gold U.S.A. v. FASA Corp*., 169 F.R.D. 113, 117 (N.D. Ill. 1996) (holding that once allegedly privileged documents had been filed in support of a motion, "the disclosure was irremediably complete . . . [and] the documents had lost all their confidentiality."). Defendant's belated invocation of Rule 26's clawback procedures cannot avoid this waiver.

9

## II.    CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request the Court grant their motion to compel production of the Environmental Audit Report (Dkt. #40-34) and find that it is not protected by either the attorney-client or the attorney work product privileges.  Because Defendant bears the burden of proving that either privilege applies, Plaintiffs further respectfully request that they be granted an opportunity to file a reply brief so that they may respond to Defendant's arguments in support of their invocation of privilege.

Respectfully submitted this 15th Day of May, 2012.

McGillivray Westerberg & Bender LLC

/s/James N. Saul
James N. Saul
Christa O. Westerberg
David C. Bender
Pamela R. McGillivray
McGillivray Westerberg & Bender LLC
211 S. Paterson Street, Suite 302
Madison, WI 53703
608.310.3560 (Ph)
saul@mwbattorneys.com
westerberg@mwbattorneys.com
bender@mwbattorneys.com
mcgillivray@mwbattorneys.com

Daniel P. Mensher
Kevin M. Cassidy
Pacific Environmental Advocacy Center
Lewis & Clark Law School
10015 SW Terwilliger Blvd.

Portland, OR 97219
(503) 768-6926
dmensher@lclark.edu
cassidy@lclark.edu

Marc D. Fink
CENTER FOR BIOLOGICAL DIVERSITY
209 East 7th St.
Duluth, MN 55805
(218) 525-3884
mfink@biologicaldiversity

*Counsel for Plaintiffs Wisconsin Resources Protection Council, Center for Biological Diversity, and Laura Gauger.*