IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

Wisconsin Resources Protection
Council, Center for Biological
Diversity, and Laura Gauger,

      Plaintiffs,

      v.                Case No. 11-cv-45

Flambeau Mining Company,

      Defendant.

---

### PLAINTIFFS' STATEMENT OF CONTESTED ISSUES OF LAW

---

The following issues remain undecided and are contested by the parties:

**A.**   <u>**Remaining Issues for Liability**</u>

1. Whether the pollutants discharged from the Biofilter enter a "water of the United States" because of any of the following:

    a. The pollutants enter Stream C south of Copper Park Lane, which this Court has already determined is a water of the United States; or,

    b. The pollutants enter an intermittent waterway or wetland north of Copper Park Lane that is itself a "water of the United States" because it:
        i. Is a continuation of Stream C south of Copper Park Lane,
       ii. Is adjacent to Stream C, or
      iii. Has a significant nexus with Stream C or the Flambeau River, either alone or in combination with other wetlands and waterways in the Stream C watershed.

2. In addition to the discharge dates already found by the Court on summary judgment, on what days did the Biofilter discharge pollutants?

B. **Issues for Remedy**

    1.    Whether the Court should declare that Defendant violated the Clean Water Act by discharging pollutants into waters of the United States in violation of 33 U.S.C. § 1311(a)?

    2.    Whether the Court should enjoin the Defendant from discharging pollutants unless authorized to do so under a permit issued pursuant to section 402 of the Clean Water Act?

    3.    Whether the Court should assess the statutorily presumptive civil penalty of $32,500 (for violations that occurred before January 12, 2009) or $37,500 (for violations that occurred after January 12,2009)[1] per day for each of Defendant's Clean Water Act violations, or whether Defendant has demonstrated that one or more of the following mitigating factors of 33 U.S.C. § 1319(d) warrants a decrease in the presumptive statutory penalty:

- The seriousness of the violation or violations;
- The economic benefit (if any) resulting from the violation;
- Any history of such violations;
- Any good-faith efforts to comply with the applicable requirements;
- The economic impact of the penalty on the violator; and
- Such other matters as justice may require.

    4.    Whether the Court should require Defendant to pay an appropriate sum for a supplemental environmental project to benefit the water quality of Stream C and the Flambeau River and to further the economic, recreational, and aesthetic use of the Flambeau River by the public?

    5.    Whether Plaintiffs are entitled to an award of their costs of litigation (including reasonable attorney and expert witness fees) under 33 U.S.C. § 1365(d)?

---

[1] *See* 40 CFR § 19.4, Table 1.

Respectfully submitted this 15th day of May, 2012.

/s/Pamela R. McGillivray
James N. Saul
Christa O. Westerberg
David C. Bender
Pamela R. McGillivray
McGillivray Westerberg & Bender LLC
211 S. Paterson Street, Suite 302
Madison, WI 53703
608.310.3560 (Ph)
saul@mwbattorneys.com
westerberg@mwbattorneys.com
bender@mwbattorneys.com
mcgillivray@mwbattorneys.com

Daniel P. Mensher
Kevin M. Cassidy
Pacific Environmental Advocacy Center
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland, OR 97219
(503) 768-6926
dmensher@lclark.edu
cassidy@lclark.edu

Marc D. Fink
Center for Biological Diversity
209 East 7th St.
Duluth, MN  55805
(218) 525-3884
mfink@biologicaldiversity.org