IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WISCONSIN RESOURCES
PROTECTION COUNCIL,
CENTER FOR BIOLOGICAL
DIVERSITY and LAURA GEIGER,

                Plaintiff,

       v.

FLAMBEAU MINING COMPANY,

                Defendant.

                                     OPINION AND ORDER

                                           11-cv-45-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Flambeau Mining Company lost in the district court on the claims of plaintiffs Wisconsin Resource Protection Council, Center for Biological Diversity and Laura Geiger that defendant's mining operation had caused environmental damage to the Flambeau River.  It prevailed on appeal and now seeks to recover a small portion of the litigation costs it expended, contending that it is entitled to such costs as the prevailing party under § 1365(d) of the Clean Water Act, 33 U.S.C. §§ 1251-1387.  (It has filed a separate motion for costs under Fed. R. Civ. P. 54.

Defendant makes a compelling case for reimbursement for the $82,524.94 it was obliged to spend to defend against a claim that plaintiffs did not pursue and for unnecessary discovery plaintiffs never looked at after it was produced, but it fails to show that the Clean Water Act provides such reimbursement except in cases in which the plaintiff's case is

frivolous, unreasonable or groundless.  It cites no case law or statute in support of its position that a prevailing party may obtain an award of litigation costs for responding to frivolous or groundless discovery requests or defending against unpursued claims when the case itself has not been found to be either frivolous or unreasonable and I have not found any such law.

Section 1365(d) provides that

The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.

Statutes such as § 1365 allow awards of fees for prevailing plaintiffs in order to promote the citizen enforcement of important federal policies, Delaware Valley Citizen's Council for Clean Air, 478 U.S. 546, 560 (1986) (interpreting § 304(d) of Clean Air Act, 42 U.S.C. § 76-4(d)), but allows awards of fees to prevailing defendants only when a defendant can prove that the plaintiff's lawsuit was unreasonable, frivolous or groundless. Christiansburg Garment Corp. v. EEOC, 434 U.S. 412, 421 (1978) (interpreting § 706(k) of Title VII (42 U.S.C. § 2000-5(k)).  The Court of Appeals for the Seventh Circuit has not had occasion to determine whether § 1365 should be read in conformity with the provisions in Title VII, the Clean Air Act and similar statutes but it seems improbable that it would not reach this conclusion.  Citizens for a Better Environment, 230 F.3d 923 (7th Cir. 2000) (adopting Christiansburg rule for prevailing defendants for cases brought under 42 U.S.C. § 11046(f) of Environmental Planning and Community Right-to-Know Act, 42 U.S.C. §§ 11001-50, on remand from Supreme Court, 523 U.S. 83 (1998)).  The same concern is

present: the importance of encouraging private attorneys general to bring suit for public purposes.   Awards of fees to successful plaintiffs advance that purpose; fee awards to successful defendants do not.

However, there may be situations in which the plaintiffs' suit is so lacking in good faith or factual support that it can be said to be unreasonable, frivolous or unfounded.  (The adjectives vary from case to case; sometimes they include "vexatious" and "meritless."  Id. (observing that "meritless" is redundant of term "without foundation," and "vexatious" might imply inaccurately that plaintiff's subjective bad faith is prerequisite) (citing United States Steel Corp. v. United States, 319 F.2d 359 (3d Cir. 1975); Carrion v. Yeshiva University, 535 F.2d 722 (2d Cir. 1976)).)  In suits in this category, awards to prevailing defendants are proper.

Defendant argues that as "the prevailing party under the Clean Water Act," it has the option of seeking all costs of litigations including reasonable attorney and witness attendance fees "and would be justified in doing so given Plaintiffs' admission on appeal that their case was actually targeting the state's allegedly improper permit scheme, not Flambeau's conduct."  Dft's. Br., dkt. #289, at 1.  I take this to mean that defendant considers that it is not only the prevailing party but also that plaintiffs' case was groundless, but defendant does not expand on this argument.   Even assuming that defendant is correct and that plaintiffs' only real claim was that the Wisconsin Department of Natural Resources had violated the Clean Water Act by deciding to monitor defendant's mine reclamations activities under a mining permit rather than under a Clean Water Act permit, defendant still

has to show that plaintiffs' suit was frivolous or without foundation. Although the court of appeals disposed of the allegedly invalid permit argument quickly, finding that the "permit shield" protected defendant from liability for its discharges because the Department of Natural Resources' mining permit was a facially valid Wisconsin Pollution Discharge Elimination System permit and defendant had no notice of the permit's possible invalidity, its decision does not establish that plaintiffs' suit was frivolous. Plaintiffs prevailed on summary judgment on their claim that defendant could be held responsible for discharging pollutants without a permit because it did not actually hold a Clean Water Act permit. Their claim was not obviously meritless. I conclude that defendant's motion for an award of litigation costs must be denied because it has not made the necessary showing that the litigation itself was frivolous or without foundation.

ORDER

IT IS ORDERED that defendant Flambeau Mining Company's motion for reimbursement under 35 U.S.C. § 1365(d) of the litigation costs it incurred to defend against the allegations of plaintiffs Wisconsin Resource Protection Council, Center for Biological Diversity and Laura Gauger and for the costs to defendant of the preparation of

extensive discovery that plaintiffs never reviewed is DENIED.

Entered this 5th day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge