IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WISCONSIN RESOURCES PROTECTION
COUNCIL, CENTER FOR BIOLOGICAL
DIVERSITY and LAURA GAUGER,

OPINION AND ORDER

Plaintiffs,

11-cv-45-bbc

v.

FLAMBEAU MINING COMPANY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

After the clerk of court ruled on defendant Flambeau Mining Company's bill of costs, plaintiffs Wisconsin Resources Protection Council, Center for Biological Diversity and Laura Gauger moved for review of the clerk's ruling, objecting to the allowance of costs in several categories. Defendant maintains that the clerk's rulings were proper, with the exception of his disallowance of the $3,205.55 defendant incurred for realtime connection at trial.

A. <u>Videotape Depositions and Related Expenses</u>

Plaintiffs argue that the clerk improperly allowed defendant $10,293.31 for what they say were unnecessary videotape depositions and "convenience" costs. They characterize these costs as incurred primarily for the convenience of defendant. First, they say, it was not necessary to take depositions of witnesses who were neither outside the subpoena power of

1

the court nor unlikely to appear at trial. These objections are not well taken. The Court of Appeals for the Seventh Circuit has held that arguing that the winning side took more depositions than necessary or otherwise drove the court costs up unnecessarily "is a bad argument," Anderson v. Griffin, 397 F.3d 515, 522 (7th Cir. 2005), because parties do not know when they take depositions whether they will prevail ultimately, still less whether they will be entitled to an award of costs. This lack of knowledge acts as "a market constraint on running up excessive costs." Id. (citing Taco Bell v. Continental Casualty Co., 388 F.3d 1069, 1075 (7th Cir. 2004) ("when reimbursement was uncertain, party had an incentive to minimize its legal expenses")). As in Anderson and Taco Bell, when defendant took the depositions it did, it did not know that it would prevail in the litigation.

The argument that a party should not be reimbursed for the costs of having a deposition recorded both stenographically and by video video is a losing one in this circuit, in which it is well established that "costs" in Rule 30 "permits district courts to tax the costs of stenographically transcribing a video-recorded deposition." Little v. Mitsubishi Motors North America, Inc., 514 F.3d 699, 701 (7th Cir. 2010). Although plaintiffs object to paying for the videotaped deposition of expert witness Elizabeth Day, when they agreed to allow her deposition testimony to be read into the record so she could go on a long planned vacation, their argument is unpersuasive in light of Little.

However, I agree with plaintiffs that defendant should not be reimbursed for its Realtime deposition transcripts or for the extra cost of obtaining a 14-day trial transcript. The Realtime fees for the deposition transcripts were $1053.00; the extra fee for the

expedited trial transcript was $652.80 ($.60 per page for 1,088 pages of trial transcript). Therefore, $1705.80 will be deducted from the clerk's award of costs. The previous award of costs of $10,293.31 will be reduced to $8,587.51. The clerk's order rejecting defendant's request for reimbursement of its Realtime trial transcripts will be affirmed.

### B. Exemplification and Copying Costs

#### 1. Costs of retrieving computer information

Plaintiffs' objection to this category of costs is to those incurred by outside contractors to provide electronic discovery-related services, document management costs unrelated to the actual exemplification or copying of documents, costs insufficiently justified by defendant and costs that defendant has not shown were necessary to the defense of the case. They contend that the vast majority of these costs relate to the type of electronic discovery costs other courts have rejected "because they have nothing to do with the actual duplication of documents or electronic files, including project management, pre-production document processing, and ESI search and recovery costs." Plts.' br., dkt. #310, at 19.

Plaintiffs asked Defendant for 20 years of information from defendant's mine site in Ladysmith, Wisconsin. Given the nature of the information storage over this period of time, it was reasonable, if not essential, for defendant to employ an expert third-party forensic expert to extract the information. Defendant asks for reimbursement of only the costs incurred in that endeavor, not for help in reviewing the documents. The request is a reasonable one. Hecker v. Deere & Co., 556 F.3d 575, 591 (7th Cir. 2009) (costs of

3

converting computer data into readable format are recoverable under 28 U.S.C. § 1920).

2. Production costs paid to Alphagraphics for electronic discovery

The parties agreed to use Alphagraphics to process, convert, label and produce documents for trial. Plaintiffs have not shown that the few tasks to which they object did not involve discovery-related matters that are not properly taxable. No reduction will be made in these costs.

3. Costs for duplicative trial exhibits

However useful electronic files are, paper copies of exhibits still play an important role at trial, particularly if they are lengthy documents, maps or photographs. All of these were used extensively in the trial of this case. Although plaintiffs contest defendant's request for reimbursement of four sets of exhibits, it has not shown that four was an excessive number for a complex, exhibit intensive trial such as this one.

ORDER

IT IS ORDERED that the clerk of court's taxation of costs is AFFIRMED with one exception: the award of $10,293.31 for videotape deposition costs and related expenses is

4

reduced to $8,587.51. In all other respects, the clerk's calculation of costs stands as taxed.

on March 25, 2014.

Entered this 1st day of August, 2014.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge